**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Beaufort Division**

| | |
|---|---|
| Keith Williams,<br><br>Plaintiff,<br><br>-against-<br><br>Checkr, Inc.,<br><br>Defendant(s). | Case No.: 9:26-cv-4916-RMG<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Keith Williams ("Plaintiff"), by his attorneys, alleges against Defendant Checkr, Inc. ("Checkr") as follows:

## NATURE OF THE ACTION

1. This action arises from an employment background report in which Checkr attributed to Plaintiff two 1994 Beaufort County criminal convictions belonging to a different person named Keith Williams.

2. The other person shared Plaintiff's name and year of birth, but had a different full date of birth and different Social Security number.

3. Checkr furnished the report to DoorDash in August 2026.

4. DoorDash identified the falsely attributed assault conviction as the reason it was considering adverse action on Plaintiff's application.

5. Checkr later removed both disputed inaccurate criminal entries from the report.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

8. Plaintiff is a natural person and a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

9. He resides in Beaufort County, South Carolina.

10. Checkr is a Delaware corporation that prepares and furnishes employment background reports.

11. It is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

12. Plaintiff sought work with DoorDash.

13. He expected to earn as much as $100 per day through them.

14. In or about August 2026, Plaintiff applied for an opportunity to perform delivery services through DoorDash.

15. DoorDash requested a background report from Checkr.

16. On August 5, 2026, Checkr completed and furnished to DoorDash a consumer report concerning Plaintiff, identified by Custom ID 86810961.

17. The report assigned a “Consider” status to its Beaufort County search.

18. The report attributed to Plaintiff two Beaufort County General Sessions cases filed on October 14, 1994:

   a. case D864926, described as assault and battery of a high and aggravated nature, and

   b. case D864929, described as larceny or purse snatching.

19. For each case, Checkr reported a guilty plea and a March 30, 1995 disposition.

20. Neither criminal case belongs to Plaintiff.

21. The cases concern another person named Keith Williams whose year of birth is the same as Plaintiff.

22. Plaintiff was living in Boston, Massachusetts in 1994.

23. Plaintiff did not move to the Beaufort County area until approximately 2011.

24. The person charged in those cases has a different date of birth.

25. The person charged in those cases has a different Social Security number from Plaintiff.

26. The common name and birth year that the two men share do not establish that they are the same person.

27. The publicly accessible Beaufort County index displays the defendant's name and birth year for both cases.

28. Beaufort County court records confirm that neither the full date of birth nor the Social Security number for Plaintiff match the person charged in the cases.

29. Despite those differences, Checkr matched both criminal cases to Plaintiff and presented them in the report furnished to DoorDash as Plaintiff's own criminal history.

30. Reasonable identity-matching procedures, including but not limited to appropriate comparison of available identifiers and investigation of conflicting or incomplete identifiers, would have prevented the misattribution.

31. In any case of doubt or possible closely matching records, a simple call to the Court would have clarified that Plaintiff is not the person involved in these crimes.

32. Here, a simple call to the Court (that Checkr failed to do) clarified that Plaintiff is not the person involved in these crimes.

33. On August 6, 2026, DoorDash sent Plaintiff a pre-adverse-action notice stating that it was considering action concerning his engagement with its platform based, in whole or in part, on the Checkr report.

34. The notice specifically identified the falsely attributed assault case and its reported guilty-plea disposition.

35. The notice shows that the inaccurate assault entry from Checkr reached DoorDash and affected its assessment of Plaintiff's application.

36. Plaintiff was unable to begin earning through DoorDash as anticipated because of the reported criminal history.

37. Although DoorDash had not yet made a final determination, in the interim, Plaintiff was prevented from working for them.

38. On August 9, 2026, Plaintiff disputed the larceny case, D864929, with Checkr.

39. On August 18, Checkr advised Plaintiff that it had revised the report after reinvestigation, and the revised report no longer listed the larceny case.

40. The assault case remained in that version.

41. This was internally inconsistent because the two criminal records were for the same person,

42. When removing one of them Checkr should have removed the second case D864926 as well.

43. Yet Checkr's internal procedures were insufficient to ensure maximum possible accuracy and it continued to report the second criminal record.

44. On August 18, 2026, Plaintiff separately disputed the assault case, D864926.

45. On August 21, Checkr advised Plaintiff that it had revised the report after reinvestigation, and the further revised report no longer listed the assault case.

46. The corrections did not undo Checkr's earlier furnishing of the inaccurate report or the interruption to Plaintiff's DoorDash opportunity during the relevant period.

47. Had Checkr enacted and followed reasonable procedures to assure maximum possible accuracy of the information it reported, these criminal cases would never have been included in Plaintiff's reports.

48. As a result of the inaccurate report, Plaintiff lost the opportunity to earn income through DoorDash during the period his application was affected, spent time addressing the errors, and suffered embarrassment, frustration, and distress from being associated with serious criminal convictions that were not his.

49. He also feared the effect the erroneous information could have on his other work.

50. Defendant's erroneous reporting also harmed Plaintiff's reputation.

51. Plaintiff suffered damage to his reputation because Checkr's reporting made it appear that he had a criminal record that was false.

52. This falsity was published to one or more third parties.

53. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

54. Plaintiff suffered mental and emotional pain, anguish, humiliation, and embarrassment of employment prevention, and having others see the false criminal information.

55. When Plaintiff reviewed the inaccurate report, he felt mad, frustrated, and humiliated by the inaccuracies and false records.

56. Plaintiff also feared that such reporting could cause further harm.

57. Due to the Defendant's actions, Plaintiff had difficulty with sleep and suffered anxiety and stress.

**COUNT I**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**15 U.S.C. § 1681e(b)**

58. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

59. Checkr prepared and furnished a consumer report concerning Plaintiff for employment purposes.

60. The report inaccurately attributed the two 1994 criminal cases and guilty pleas of another person to Plaintiff.

61. In preparing that report, Checkr failed to follow reasonable procedures to assure maximum possible accuracy, including reasonable procedures to match adverse criminal records to the correct individual in light of the available identifying information.

62. The identity mismatch, the seriousness of the records, and Checkr's later removal of both entries also supports the inference that Checkr's procedures for matching these records were unreasonable.

63. Checkr's violation was negligent and, to the extent shown through discovery, willful.

64. As a direct and proximate result, Plaintiff suffered the injuries described above.

## COUNT II
## Public Record Information for Employment Purposes
## 15 U.S.C. § 1681k(a)

65. Plaintiff incorporates the allegations preceding Count I as though fully set forth here.

66. Checkr compiled and reported public-record criminal information in a consumer report furnished to DoorDash for employment purposes. Such

information was likely to adversely affect Plaintiff's ability to obtain the DoorDash opportunity, as DoorDash's August 6 notice confirms.

67. On information and belief, Checkr did not notify Plaintiff at the time it reported the public-record information to DoorDash that it was doing so, together with DoorDash's name and address, as provided in 15 U.S.C. § 1681k(a)(1).

68. DoorDash's later pre-adverse-action notice is not, by itself, contemporaneous notice from Checkr.

69. On information and belief, Checkr also failed to maintain strict procedures designed to ensure that the reported public-record information was complete and up to date, as provided in 15 U.S.C. § 1681k(a)(2), including procedures sufficient to avoid attaching records of a different individual to Plaintiff.

70. Checkr failed to satisfy either alternative of 15 U.S.C. § 1681k(a).

71. Its failure was negligent and, to the extent shown through discovery, willful, and caused Plaintiff the injuries described above.

## DEMAND FOR TRIAL BY JURY

72. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff requests judgment against Checkr as follows:

A. Actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

B. Statutory damages for any willful violation under 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages for any willful violation under 15 U.S.C. § 1681n(a)(2);

D. Reasonable attorney's fees and costs under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other relief as the Court deems just and proper.

Dated: September 24, 2026

*s/ Dawn McCraw*
Dawn McCraw, Esq. (SC # 105059)
Consumer Justice Law Firm PLC
8095 North 85th Way
Scottsdale, AZ 85258
602-807-1527
dmccraw@consumerjustice.com

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com
Pending Pro Hac Vice Admission

*Attorneys for Plaintiff*